## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN LEESTMA,

     Plaintiff,

        v.

JOHN DOE,

     Defendant.

Case No.: 15-1782

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR HIS COMPLAINT in this matter, Plaintiff, Ryan Leestma, by and through his attorneys, Revision Legal, PLLC, states as follows:

## I.   INTRODUCTION

1. This is an action seeking award of a domain name and damages against a unknown individual cybersquatter who has misappropriated the domain name found at the uniform resource locator ("URL") <ryanleestma.com> (the "Domain Name"), which contains the precise spelling of Plaintiff's legal name. Plaintiff seeks redress pursuant to the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §§1125(d) and 15 U.S.C. § 8131.

## II.   PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a resident of the Village of Caledonia, County of Kent, State of Michigan.

3. Plaintiff is ignorant of the true name and capacity of the Defendant sued herein as Defendant John Doe ("John Doe") and, therefore, sues Defendant by a fictitious

name. Plaintiff will amend this Complaint to allege Defendant's true name and capacity when ascertained.

4. Defendant is believed to be a resident of the City of Troy, County of Oakland, State of Michigan.

5. This Court has subject matter jurisdiction of this cause pursuant to 28 USC §§ 1331 and 1338 because this civil action arises under the Lanham Act, specifically 15 USC §§ 1125(d) and 8131.

6. This Court has personal jurisdiction over Defendant because Defendant is believed to be a resident of the State of Michigan, Defendant has purposely availed himself of the privilege of acting in Michigan or causing a consequence in Michigan, Defendant committed intentionally tortious actions expressly aimed at a resident of the State of Michigan, which have caused harm to Plaintiff in Michigan and said harm was known by Defendant to be likely to be suffered by Plaintiff in Michigan, Defendant's actions were expressly aimed at the State of Michigan, and Defendant's acts and/or consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable. The exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district pursuant to 28 USC § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, because the injured party is a resident of this State and because the exercise of jurisdiction by the Court over Defendant is proper.

### III.   PLAINTIFF'S NAME

8. Plaintiff is the owner of Information Systems Intelligence ("ISI"), one of Michigan's largest and most well respected information technology outsourcing firms, which has been ranked as one of Inc. Magazine's "Inc. 5000," which honors the fastest growing privately held companies in the United States.

9. Plaintiff is also well and favorably known as a triathlete fundraiser for various epilepsy-related causes, including the Epilepsy Foundation of America. As a individual who has suffered from seizures, Plaintiff has dedicated himself to raising money for these causes by participating in athletic events, including, but not limited to, the World Long Course in Sweden, the Olympic Nationals, and the Ironman World Championships.

10. Plaintiff has extensively advertised his personal name as a mark through his charity-based website http://www.swimbikerunforcharity.com. As a result, the consuming public has come to recognize Plaintiff's personal name as a distinctive mark used in association with charitable fundraising services.

11. Plaintiff's name is a protected personal name and trademark under both 15 USC § 1125(d)(1)(A)(i) and 15 USC § 8131.

### DEFENDANT'S MISCONDUCT

12. On January 8, 2012, Defendant registered <ryanleestma.com> without the knowledge or approval of Plaintiff.

13. Upon information and belief, the current registrant of the <ryanleestma.com> domain name is a former employee of Plaintiff's Information Systems Intelligence.

14. Shortly after registering the <ryanleestma.com> domain name, Defendant approached Plaintiff and attempted to sell the <ryanleestma.com> domain name to

Plaintiff for an amount in excess of Defendant's out of pocket costs to register the domain name.

15. Between January 8, 2012 and approximately June 3, 2015, Defendant warehoused the <ryanleestma.com> domain name.

16. On approximately June 4, 2015, however, Defendant began copying and displaying Plaintiff's personal and private Facebook messages on a web page located at the <ryanleestma.com> domain name.

17. Additionally, Defendant began selectively reposting news stories concerning Plaintiff.

18. In an attempt to justify his actions, Defendant published a purported disclaimer in the footer of his website, which stated, "Disclaimer: This site is not hosted by Ryan Leestma and is simply a collection of true information gathered from the internet."

19. Evidencing Defendant's nefarious intent, Defendant published a header on the website, which proclaimed: "Public Information. The internet is forever."

20. Upon information and belief, Defendant undertook these actions with malice and with the intent of portraying Plaintiff in a negative light to the public.

**COUNT 1**
**Violation of Anticybersquatting Consumer Protection Act, 15 USC 1129 and 1125(d)**

21. Plaintiff incorporates paragraphs 1-20 above as if fully restated herein.

22. The domain name <ryanleestma.com> consists of the name of another living person, specifically that of Plaintiff, and the Plaintiff uses this name both as his personal name and as the origin of source of charitable fundraising services.

23. Defendant registered <ryanleestma.com> without Plaintiff's consent and did so with the specific intent to profit from such name by selling <ryanleestma.com> back to Plaintiff for financial gain.

24. Defendant has used and continues to use <ryanleestma.com> with the bad faith intent to profit from said use.

25. Upon information and belief, Defendant's legal name is not "Ryan Leestma," nor is such name commonly used to identify Defendant.

26. Upon information and belief, Defendant has no trademark nor any other intellectual property rights in <ryanleestma.com>.

27. Defendant has not used <ryanleestma.com> in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

28. Defendant has made no good faith use of <ryanleestma.com>, nor did he register <ryanleestma.com> in good faith.

29. Through the use of Plaintiff's well known name, Defendant intended to divert consumers, associates, customers, and business contacts to a site accessible under <ryanleestma.com> that could harm the goodwill represented by the name "Ryan Leestma" for commercial gain or with the intent to tarnish or disparage the name by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

30. Defendant offered to sell <ryanleestma.com> to Plaintiff, the rightful owner of the name, for financial gain without having used, or having any intent to use, <ryanleestma.com> in the bona fide offering of any goods or services.

31. Further, Defendant's intent was clear. Defendant registered <ryanleestma.com> out of spite and with a desire to harm the reputation of Plaintiff.

32. Defendant's conduct as described above has caused irreparable and substantial harm to Plaintiff and his reputation and goodwill.

33. As a direct result of Defendant's conduct, Plaintiff has been substantially harmed. Accordingly, Plaintiff seeks recovery from Defendant of all amounts to which Plaintiff is entitled, including, without limitation, Defendant's profits from the use of <ryanleestma.com>, an award of actual damages in the maximum amount permitted by law, or in the alternative, an award of the maximum statutory damages in the amount of $100,000, transfer of <ryanleestma.com> to Plaintiff, a preliminary and permanent injunction requiring divestiture of <ryanleestma.com>, attorney fees, costs, and further relief as this Court deems just.

34. Title 15 U.S.C. § 8131(2) and 15 U.S.C. 1116 specifically provides for injunctive relief, costs, and attorney fees.

## COUNT 2
## False Light Invasion of Privacy

35. Plaintiff incorporates paragraphs 1-34 above as if fully restated herein.

36. By registering the <ryanleestma.com> domain name and publishing its associated website, Defendant has specifically identified Plaintiff.

37. By registering the <ryanleestma.com> domain name and publishing its associated website, Defendant has brought publicity to the content that Defendant has displayed at the <ryanleestma.com> domain name, which consists of news stories concerning Plaintiff and Plaintiff's Facebook postings.

38. Defendant's selection and arrangement of news articles concerning Plaintiff and Plaintiff's Facebook postings was intended to place Plaintiff in a false light in the public eye, specifically, to portray Plaintiff as deceptive businessperson and as a braggart.

39. Defendant published the news articles concerning Plaintiff and Plaintiff's Facebook postings to the general public.

40. Defendant's selection and arrangement of news articles concerning Plaintiff and Plaintiff's Facebook postings did place Plaintiff in a false light in the public eye.

41. Defendant's selection and arrangement of news articles concerning Plaintiff and Plaintiff's Facebook postings was unreasonable, highly objectionable, and highly offensive to a reasonable person.

42. Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed as a result of Defendant's publication.

43. Defendant's actions have caused Plaintiff damages, including, but not limited to, monetary loss, embarrassment, humiliation, and mental pain that a person of ordinary sensibilities would have suffered.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A. That Defendant and all persons acting in concern with him be preliminarily and permanently enjoined from using <ryanleestma.com>, and that Defendant be ordered to file with the Court and serve on Plaintiff within 30 days after service on Defendant of such an injunction, or such extended period as the Court may direct, a

report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

B.   That Defendant be ordered to transfer <ryanleestma.com> pursuant to 15 U.S.C. 8131(2).

C.   That Plaintiff receive and recover from Defendant all damages sustained;

D.   That Plaintiff receive and recover from Defendant statutory damages in the amount of $100,000, which is the maximum allowed by 15 U.S.C. 1117(d); this maximum amount is supported by Defendant's extreme bad faith;

E.   That Defendant be order to pay Plaintiff's reasonable costs, expenses, and attorney fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 8131(2), and 15 U.S.C.§ 1117(a).

F.   That Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law;

G.   That Plaintiff be awarded damages for Plaintiff's monetary loss, embarrassment, humiliation, and mental pain; and

H.   That Plaintiff be awarded such other and further relief to which he may be justly entitled.

### **JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: July 30, 2015                    By:  /s/ John Di Giacomo
                                        John Di Giacomo
                                        *Counsel for Plaintiff*
                                        Revision Legal, PLLC
                                        109 E. Front St.

Suite 309
Traverse City, MI 48684
Phone: (231) 714.0100
Fax: (231) 714.0200
Email: john@revisionlegal.com